IN THE COUNTY COURT OF RANKIN COUNTY, MISSISSIPPI



BEN O. TURNAGE                 PLAINTIFF

VS.                 CAUSE NO.: 15-305

HEALTHCARE FINANCIAL SERVICES, LLC;
BAPTIST MEDICAL CENTER a/k/a
MISSISSIPPI BAPTIST HEALTH SYSTEMS, INC;
HORIZON BILLING SERVICES; AND
UKNOWN DEFENDANTS 1-5              DEFENDANTS

## COMPLAINT

THIS ACTION seeks relief pursuant to 15 U.S.C §1692 et seq., as amended (Fair Credit Reporting Act) and 15 U.S.C §1681 et seq., as amended (Fair Debt Collection Practices Act) because of the unlawful actions of Defendants.

### Jurisdiction and Venue

1.

The Court has jurisdiction over the subject matter and parties.

2.

Venue is proper in this Rankin County.

3.

Benjamin O. Turnage is an adult resident citizen of Hinds County, Mississippi.

4.

The Defendant, Healthcare Financial Services, LLC is a Limited Liability Corporation incorporated in the State of Mississippi with its principal place of business in Rankin County, Flowood, Mississippi and may be served with process upon its registered agent, Richard M. Williams, 911 Flynt Drive, Flowood, Mississippi 39232.



EXHIBIT A

5.

The Defendant, Baptist Medical Center a/k/a Mississippi Baptist Health Systems, Inc. is a Corporation incorporated in the State of Mississippi with its principal place of business in Hinds County, Jackson, Mississippi and may be served with process upon its registered agent William B. Grete, 1225 N. State Street, Jackson, Mississippi

6.

The Defendant, Horizon Billing Services is not currently listed on the Mississippi Secretary of State website. Their current address is 643 Lakeland East Dr#B, Flowood, MS 39232.

7.

The proper name and address of the Unknown Defendant 1-5 is unknown at this time and will be provided when it becomes known to the Plaintiff.

Facts

6.

Plaintiff was guarantor to services provided to his minor daughter at Baptist Medical Center when she was admitted on August 28, 2008 and released on August 31, 2008.

7.

Following payments by Plaintiff's insurance company, Horizon Billing Services on behalf of Baptist Medical Center claimed that $52.28 was the total amount due. Upon notification of the alleged amount, Baptist attempted to collect the alleged amount owed.

8.

On February 19, 2009 Plaintiff, ready, willing and able to pay any amount(s) rightfully owed, requested from a "Mr. David" at Horizon Billing Services verification of the outstanding balance, but NEVER received verification or proof of validity of alleged amount due.

9.

The failure to validate the alleged amount owed violated the Fair Debt Collection Practices Act.

10.

Subsequent to Plaintiff's unfulfilled written request for verification, Horizon Billing Services, acting on behalf of Baptist Medical Center, and without any verification or justification, placed Plaintiffs account in collections with Health Care Financial Services.

11.

Further collection actions violated the Fair Debt Collection Practices Act.

12.

On or about March 26, 2009, Defendant, Healthcare Financial Services sent Plaintiff an "Important Notice" stating the account had been placed with Healthcare Financial Services for collection.

13.

In response to the March 26, 2009 written correspondence, Plaintiff contacted Defendant, Healthcare Financial Services, LLC, inquiring, in writing, about the validity of the invoice and again requested validation of the alleged debt.

3

14.

On or about March 31, 2009, R.M Williams, President of Healthcare Financial Services responded and finally provided Plaintiff with an itemized bill and stated that he would report that Plaintiff was disputing the balance owed in compliance in the Fair Debt Collection Practices Act.

15.

On or about April 10, 2009, Plaintiff responded in writing and tendered check number 1366 in the amount of $52.28 as payment in full.

16.

Plaintiff requested that Healthcare Financial Services, to update and correct the information supplied to all credit reporting agencies.

17.

Plaintiff had every reason to believe that Defendant, Healthcare Financial Services, was going to comply with the Fair Credit Reporting Act.

18.

On or about January 14, 2013, when attempting to lease a vehicle, Plaintiff first discovered that Defendant, Healthcare Financial Services had never complied with the Fair Credit Reporting Act and never reported the account as being paid.

## COUNT I

## 15 U.S.C §1692g

### Fair Debt Collection Practices Act §809(a) "Validation of Debts"

19.

The Plaintiff incorporates by reference the foregoing paragraphs of this Complaint.

20.

The Plaintiff, as a consumer, is guaranteed certain rights and protections secured for them through the Fair Debt Collection Practices Act as applied to the Defendants, through §809(a)(1-5) to the Fair Debt Collection Practices Act.

21.

Included within this Act is the duty upon a debt collector to supply the consumer written notice containing specific information outlined in §809(a)(1-5).

22.

Defendants' non-compliance with those provisions were a direct violation of the Fair Debt Collection Practices Act.

23.

The Plaintiff has been injured as a direct and proximate result of the Defendants' violation(s) of the Fair Debt Collection Practices Act. The Plaintiffs are entitled to statutory damages of $1,000 per occurrence, actual damages to be determined by this Court, all costs of Court, and reasonable attorneys fees in accordance with 15 U.S.C §1692k (Fair Debt Collection Practices Act §813)

## COUNT II

## 15 U.S.C §1692g

### Fair Debt Collection Practices Act §809(b) "Validation of Debts"

24.

Plaintiff incorporates and references the foregoing paragraphs of this Complaint.

25.

The Plaintiff, as a consumer, is guaranteed certain rights and protections secured for them through the Fair Debt Collection Practices Act as applied to the Defendants, through §809(b) to the Fair Debt Collection Practices Act.

26.

Included within this Act is the duty upon a debt collector, if notified by the consumer within the prescribed thirty (30) day period that the debt is disputed, to cease collection of the debt until the debt collector obtains and mails to consumer verification of the debt

27.

Defendants' through their action, in-actions, and non-compliance with those provisions were a direct violation of the Fair Debt Collection Practices Act.

28.

The Plaintiff has been injured as a direct and proximate result of the Defendants' violation(s) of the Fair Debt Collection Practices Act. The Plaintiffs are entitled to statutory damages of $1,000 per occurrence, actual damages to be determined by this Court, all costs of Court, and reasonable attorneys fees in accordance with 15 U.S.C §1692k (Fair Debt Collection Practices act §813).

## COUNT III

## 15 U.S.C §1681

## Fair Credit Reporting Act §623(a)(1)(A) and (B)

## "Responsibilities of furnishers of information to consumer reporting agencies"

29.

The Plaintiff incorporates by reference the foregoing paragraphs of this Complaint.

The Plaintiff incorporates by reference the foregoing paragraphs of this Complaint.

30.

The Defendant, as a furnisher of information to consumer reporting agencies, has a duty to provide accurate information under the Fair Credit Reporting Act §623(a) and is prohibited from reporting information with actual knowledge of errors AND from reporting information after notice and confirmation of errors. See §623(a)(1)(A) and (B).

31.

By willfully and negligently reporting negative, inaccurate information about the Plaintiff, and continuing to do so, the Defendants have failed to comply with and are in direct violation of the Fair Credit Reporting Act §623(a)(1)(A) and (B).

32.

Defendants continue to willfully and negligently report incorrect information regarding consumer Plaintiff and there is a real and substantial likelihood that the Defendants will continue to violate the Fair Credit Reporting Act.

33.

The Plaintiff has been injured as a direct and proximate result of the Defendants' willful and negligent violation(s) of the Fair Credit Reporting Act. The Plaintiffs are entitled to statutory damages of $1,000 per occurrence, actual damages to be determined by this Court, punitive damages to be determined by this court to deter Defendants' from future violations, all costs of Court, and reasonable attorneys fees in accordance with 15 U.S.C §1681n (Fair Credit Reporting §616, 617).

## COUNT IV

## 15 U.S.C §1681

### Fair Credit Reporting Act §623(a)(2)

**"Responsibilities of furnishers of information to consumer reporting agencies"**

34

The Plaintiff incorporates by reference the foregoing paragraphs of this Complaint.

35.

The Defendant, as a furnisher of information to consumer reporting agencies, has a duty to correct and update information under the Fair Credit Reporting Act §623(a)(2).

36.

The Defendants have failed to correct and/or update Plaitiff's information. By willfully and negligently failing to correct and update the Plaintiffs information following payment in full, Defendants have failed to comply and are in direct violation of the Fair Credit Reporting Act §623(a)(1)(A) and (B).

37.

Plaintiff has been harmed repeatedly and there is a real and substantial likelihood that the Defendants will continue to cause harm to the Plaintiff by violating the Fair Credit Reporting Act.

38.

The Plaintiff has been injured as a direct and proximate result of the Defendants' willful and negligent violation(s) of the Fair Credit Reporting Act. The Plaintiffs are entitled to statutory damages of $1,000 per occurrence, actual damages to be determined by this Court, punitive damages to be determined by this court to deter Defendants' from future violations, all costs of Court, and reasonable attorneys fees in accordance with 15 U.S.C §1681n (Fair Credit Reporting §616, 617).

## CLAIMS FOR RELIEF

### Statutory Damages

39.

Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint.

40

As a direct and proximate result of the conduct of the Defendants as described above, the Plaintiff is statutorily entitled to damages not to exceed $1,000.00 per incident plus attorneys fees and all costs of court.

### Actual, General and Special Damages

41.

Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint.

42.

As a direct and proximate result of the conduct of the Defendants as described above, the Plaintiff has suffered and continues to suffer actual, general, and special damages. These include but are not limited to having paying higher percentage rates, anxiety, emotional upset, embarrassment, consternation, defamation, and inconvenience. The continual breach(es) of duty(ies) by the Defendants are expected to result in additional damages to Plaintiff. The total amount of all these damages are uncertain at this time but are reasonably expected to exceed $10,000.00. In the alternative, the Plaintiff is entitled to an award of nominal damages.

**Punitive Damages**

43.

Plaintiff incorporate by reference the foregoing paragraphs of this Complaint.

44.

Plaintiff seeks punitive damages as a result of Defendants' willful non-compliance as set forth in U.S.C. § 1681n.

45.

The Defendants' were notified of the errors and inaccurate information being reported by them as furnishers of information and knowingly reported false and/or inaccurate information and failed to update and correct that knowingly false information. Their conduct, as described above, has been willful, knowingly, malicious, and without regard for the Plaintiffs' rights. Said punitive damages should be assessed against each of these defendants, and should be in an amount sufficient to fully punish each of their for their wrongful acts and breach of duties placed upon them and others similarly situated and should be sufficient enough to deter them and others from repeating such wrongful acts in the future.

## Prayer

WHEREFORE PREMISES CONSIDERED, Plaintiff prays this Court:

1. Award the Plaintiff a judgment of and against the defendants, jointly and severally, for any and all statutorily mandated damages in the amount not to exceed $1,000.00 for each violation.

2. Award the Plaintiff a judgment of and against the defendants, jointly and severally, for any and all actual monetary damages in an amount in excess of $10,000.00, to which they are lawfully entitled, including but not limited to additional punitive damages against each and every defendant.

3. Award the Plaintiff a judgment of and against the defendants, jointly and severally, for all statutorily allowed attorneys fees, costs of court, and other expenses related to this litigation.

4. Award the Plaintiff such other and further relief as may be equitable and just.

Respectfully submitted,

BENJAMIN O. TURNAGE

BY:  AKERS LAW GROUP, PLLC
His Attorneys

BY: _____
Joshua M. Coe (MSB# 104155)

Joshua M. Coe
Mississippi Bar No. 104155
AKERS LAW GROUP, PLLC
Post Office Box 280
Brandon, MS 39208
Telephone: (601) 825-4566
Facsimile:   (601) 825-4588
Joshua.coe@akerslawgroup.com