IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BEN O. TURNAGE                                                                           PLAINTIFF

VS.                                           CIVIL ACTION NO. 3:15-cv-264 HTW-LRA

HEALTHCARE FINANCIAL SERVICES, LLC;
BAPTIST MEDICAL CENTER a/k/a MISSISSIPPI
BAPTIST HEALTH SYSTEMS INC., HORIZON
BILLING SERVICES; AND UNKNOWN DEFENDANTS 1-5           DEFENDANTS

## ORDER

BEFORE THE COURT is the *Motion for Award of Appropriate Attorney's Fees Per Revised Judgement* **[Docket no. 63]** filed on March 28, 2019 by Defendants Mississippi Baptist Health Systems, Inc., Horizon Billing Services, and Healthcare Financial Services (collectively, "Defendants"). In support of their motion, Defendants also submitted: the declaration of Attorney William V. Westbrook, III, authenticating an itemized fee bill [Docket no. 63-1]; declaration of Attorney David C. Frazier [Docket no. 63-2]; and a supporting memorandum brief [Docket no. 64]. Plaintiff Ben O. Turner ("Plaintiff") objects to the award of any requested attorneys' fees [Docket no. 66]. Having considered Defendants' motion, the supporting documents, the authorities upon which Defendants rely, and Plaintiff's objection, this Court finds Defendants' motion well taken and GRANTS it, with revisions, for the reasons stated herein.

### I.    BACKGROUND

The salient background facts of this case are as follows:

1. This matter was removed to U.S. District Court for the Southern District of Mississippi from the County Court of Rankin County, Mississippi on April 9, 2015. [Docket no. 1].

1

2. On May 18, 2016, U.S. District Court Judge Louis Guirola, Jr. referred this matter to U.S. Magistrate Judge John M. Roper for settlement purposes. [Docket no. 39].

3. This case was settled on June 9, 2016. [*See* ECF Minute Entry for 06/09/2016].

4. On June 21, 2016, this Court entered an Order of Dismissal without Prejudice as to all parties [Docket no. 41]; however, this Court retained jurisdiction to enforce the agreed-upon settlement terms.

5. On March 16, 2017, Defendants filed a Motion to Enforce Settlement [Docket no. 42], which was opposed by Plaintiff in a cross-motion on March 20, 2017 [Docket no. 50].

6. On April 27, 2017, Magistrate Judge Roper filed a sealed Order granting Defendants Motion to Enforce Settlement and denying Plaintiff's cross-motion. [Docket no. 57].

7. On March 15, 2019, this Court vacated its Order of Dismissal [Docket no. 41] and entered a Partial Final Judgment, or Revised Judgment [Docket no. 62], based on Plaintiff's failure to take the necessary steps timely to consummate the settlement previously approved by the Court.

8. The Revised Judgment provides:

   The Defendants may, within 14 days from the date of the filing of this Partial Final Judgment, apply for an award of attorney's fees and expenses incurred since the April 27, 2017 sealed Order [#57] granting Defendant's Motion [#42] and denying Plaintiff's Motion [#50], after which the Court will determine what attorney's fees and expenses, if any are appropriately awarded to the Defendants in a Final Judgment concluding this matter for all purposes.

   [Docket no. 62, p. 3, ¶ 3].

9. Defendants timely filed the subject Motion for Award of Appropriate Attorney's Fees Per Revised Judgment [Docket no. 63] within 14 days of the entry of the Revised Judgment.

## II.     JURISDICTION

This Court reasserts that it possesses diversity-of-citizenship, subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332[1]. Inasmuch as this Court is exercising subject matter jurisdiction, this Court, sitting in Mississippi, will apply Mississippi law to the substantive issues in accordance with the *Erie* doctrine. *Erie v. Tompkins*, 304 U.S. 64, 78-79, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under the *Erie* Doctrine, federal courts sitting in diversity must apply state substantive law and federal procedural law. *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008) (*citing Gasperini v. Ctr. for Humanities, Inc*., 518 U.S. 415, 426-427 (1996)).

## III.     DISCUSSION

Plaintiff seeks an award of $3,293.00 in attorney's fees. This Court is persuaded for the reasons set forth below that an award of $2,970.00 is warranted in this matter.

In determining attorney's fees, this court must follow Fifth Circuit precedent by calculating a "lodestar" fee: namely, "by multiplying the reasonable number of hours expended on a case by the reasonable hourly rates for the participating lawyers." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case. *Id.*

"When … the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee[.]"

---

[1] Title 28 U.S.C. § 1332:

  (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—
      (1) Citizens of different States…

*Blum v. Stenson*, 465 U.S. 886, 897, 104 S. Ct. 1541, 1548, 79 L. Ed. 2d 891 (1984). Indeed, the United States Supreme Court has held:

> The "lodestar" figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a "strong presumption" that the lodestar represents the "reasonable" fee, *Delaware Valley I, supra*, 478 U.S., at 565, 106 S.Ct., at 3098, and have placed upon the fee applicant who seeks more than that the burden of showing that "such an adjustment is necessary to the determination of a reasonable fee." *Blum v. Stenson*, 465 U.S. 886, 898, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984) (emphasis added).

*City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 2641, 120 L. Ed. 2d 449 (1992).

The declaration presented by Defendants' attorney, William B. Westbrook, III ("Westbrook"), purports to itemize the attorney's fees and litigation costs in this matter. Westbrook points to his extensive experience as litigator and asserts that the hours he has claimed and the hourly rates he has charged are reasonable and consistent with other fee awards in this region.

Although Westbrook contends that his submitted time and labor, as reflected in the itemized bill, are reasonable, this Court finds that several billed items appear to be redundant. More specifically, the following item numbers, as reflected on the itemized bill [Docket no. 61-1], were not included when the Court calculated Defendants' requested attorney's fees: Item No. 3; Item no. 7; Item no. 10; Item no. 14; Item no. 16; Item no. 18; Item no. 22; Item no. 27; Item no. 38; Item no. 44; Item no. 52; Item no. 71; and Item no. 72. The Court further finds that Item no. 56 only warrants a reasonable fee of $19.00, instead of the requested amount of $57.00.

Having deducted $323.00 based upon the above, this Court, thus, is persuaded to grant as the appropriate award the sum of $2,970.00 instead of $3,293.00 in attorney's fees per the revised judgment.

## V.　CONCLUSION

This Court is persuaded that the reasonable expenses Defendants incurred based on the attorney's skill, the customary fee in the community, and the results obtained, should be granted.

IT IS, THEREFORE, ORDERED AND AJUDGED that Defendants' Motion for Award of Appropriate Attorney's Fees Per Revised Judgment [Docket no. 63] is hereby GRANTED with revisions, and that Defendants are entitled to attorney's fees in the amount of $2970.00.

**SO ORDERED this the 23rd day of March, 2020.**

　　　　　　　　　　　　　　　　**/s/HENRY T. WINGATE**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT JUDGE**